**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

RUTILIO ROSALES BARRERA,

     Petitioner,

v.                                           Case No. 2:26-cv-02363-MSN-tmp

CHRISTOPHER BULLOCK,

     Respondent.

---

**ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS AND DENYING
PETITION AS MOOT**

---

Before the Court is the Government's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus (ECF No. 10), filed April 9, 2026. Therein, the Government indicates that the § 2241 Petition (ECF No. 2) and Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) should be denied and this case dismissed because Petitioner has already been deported from the United States. (ECF No. 10 at PageID 59.)

Per the Government, "[o]n April 5, 2026, ICE removed the Petitioner to Mexico." (ECF No. 10-1 at PageID 65.) The relief Petitioner initially sought in this matter was immediate release or an individualized bond hearing. (ECF No. 2.) But this relief can no longer be granted, because Petitioner is no longer within the reach of this Court, whether it ordered release, a bond hearing, or otherwise. (ECF No. 10 at PageID 60–61.) As such, the Government considers this matter moot. (ECF No. 10 at PageID 61.)

Courts "may only adjudicate live cases or controversies." Lathfield Invs., LLC v. City of Lathrup Vill., 136 F.4th 282, 292 (6th Cir. 2025). And the "core" question of the "mootness

inquiry 'is whether the relief sought would, if granted, make a difference to the legal interests of the parties.'" *Id.* (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc)). If—"as a result of events during the pending of the litigation—the court's decision would lack any practical effect, the case is moot." *Patton v. Fitzhugh*, 131 F.4th 383, 392 (6th Cir. 2025) (quoting *Ohio v. US EPA*, 969 F.3d 306, 308 (6th Cir. 2020)).

Such is the case here. The Government's argument is well-taken, as any decision on the substance of Petitioner's claims would "lack any practical effect." *Id.* Accordingly, the Government's Motion to Dismiss (ECF No. 10) is **GRANTED**, and Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) and § 2241 Petition (ECF No. 1) are **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 6th day of May, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE
